IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| CHARLES ROBERT SCALF, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION V-08-86 |
| RICK THALER,[1] | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Institutional Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Charles Robert Scalf ("Petitioner") filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his conviction for enhanced possession of marijuana. (Dkt. No. 1.) Respondent Rick Thaler ("Respondent"), as Director of the Texas Department of Criminal Justice, Institutional Division, filed a Motion to Dismiss, asserting that Petitioner's claims are barred as untimely (Dkt. No 15), to which Petitioner responded (Dkt. No. 21). After reviewing the motion, response, record, and applicable law, the Court is of the opinion that Respondent's motion should be **GRANTED** and Petitioner's habeas petition should be **DISMISSED**.

### Procedural History

On May 28, 2003, a jury found Petitioner guilty of enhanced marijuana possession and sentenced him to life imprisonment. *State v. Scalf*, No. 01-7-19,003-D (377th Dist. Ct. Victoria County, Tex., May 28, 2003). Petitioner appealed his conviction to the Thirteenth Court of Appeals. *Scalf v. State*, No. 13-03-00417-CR (Tex. App.—Corpus Christi, pet. ref'd.) The Court

---

[1]. Petitioner originally named former Texas Department of Criminal Justice (TDCJ) Director Nathaniel Quarterman as Respondent in this suit. Thaler has since replaced Quarterman as TDCJ Director.

1

of Appeals affirmed his conviction in an unpublished opinion on August 19, 2004. Petitioner thereafter filed a petition for discretionary review with the Texas Court of Criminal Appeals, which was refused on March 2, 2005. *Scalf v. State*, P.D.R. No. 1401-04. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

Petitioner filed three state applications for a writ of habeas corpus under TEX. CODE CRIM. PRO. art. 11.07 asserting various constitutional violations surrounding his conviction. *Ex parte Scalf*, Nos. WR-62,229-01 & 62,229-02. The Texas Court of criminal appeals denied the first two applications on August 17, 2005. Petitioner's third application was filed March 27, 2008 and was dismissed as subsequent on May 21, 2008. *Id.* No. 62,229-03.

Petitioner filed the instant federal petition for a writ of habeas corpus on December 17, 2008.[2] Respondent has moved to dismiss, asserting that Petitioner's claims are barred as untimely. (Dkt. No. 15.)

## One-Year Statute of Limitations

Petitioner's federal habeas petition is subject to the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (holding that federal habeas petitions filed after the AEDPA's April 24, 1996 effective date are subject to the provisions of that statute, including the statute of limitations) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)). Under the AEDPA, federal habeas petitions that challenge state court judgments are subject to a one-year limitations period pursuant to 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

2. A federal habeas petition is considered filed on the date it is placed in the prison mail system. *See Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because Petitioner challenges his conviction, the statute of limitations ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Petitioner's PDR was refused on March 29, 2005, after which Petitioner had 90 days to file a petition for a writ of certiorari with the United States Supreme Court, that is, until June 27, 2005. The one-year limitation period for filing a federal habeas petition started running the next day and expired on June 28, 2006, absent any tolling. Petitioner's habeas petition is therefore time barred unless he can show that the limitations period was tolled either by statute as set forth in 28 U.S.C. § 2244(d) or under principles of equity.

### Statutory Tolling

Under § 2244(d)(2), a properly filed application for state post-conviction or other collateral review will toll the limitations period while the application is pending. Petitioner filed his first state habeas application challenging cause number 01-7-19,003-D on April 28, 2005. *Ex*

3

*parte Scalf*, No. WR-62,229-01. The Texas Court of Criminal Appeals denied that application on August 17, 2005. *Id.* Thus, Petitioner is entitled to statutory tolling for 111 days, extending the limitations period from June 28, 2006 to October 17, 2006. Petitioner filed his second habeas petition on March 27, 2008. *Ex parte Scalf*, No. 62,229-02. However, because this application was filed after the limitations period expired, it does not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, statutory tolling extended Petitioner's federal habeas filing deadline until October 17, 2006.

## Equitable Tolling

As the Fifth Circuit has explained, "equitable tolling of the AEDPA limitations period is available 'in rare and exceptional circumstances' where it is necessary to 'preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)). Equitable tolling applies where the petitioner is actively misled by the respondent or the court about the cause of action or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (citation omitted); *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("To be entitled to equitable tolling, [a petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (internal quotations omitted). Ignorance of the law or excusable neglect is not a justification for equitable tolling, *Fierro*, 294 F.3d at 682, and "[e]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 713 n.11 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

Petitioner does not offer any explanation for his failure to timely file the present petition. He does not claim that he was actively misled by Respondent or the Court, or that he was

4

otherwise prevented in some extraordinary way from asserting his rights. Instead, Petitioner urges the Court to waive AEDPA's limitations period and consider his constitutional claims because another unidentified individual's fingerprints were on the bag of marijuana that Petitioner was convicted of possessing, and Petitioner is actually innocent. However, the Fifth Circuit has made clear that a petitioner's claims of actual innocence do not justify equitable tolling of the limitations period. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

Petitioner has not established that he is entitled to any tolling. Therefore, his petition must be dismissed as barred by the governing one-year limitations period.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" (COA). 28 U.S.C. § 2253(c)(1)(A). A COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2254(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). Although Petitioner has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for a district court to address *sua sponte* the issue of whether a COA should be granted or denied).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of

reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It is unnecessary for the Court to address whether the § 2254 petition before this Court states a valid claim of the denial of a constitutional right, because Petitioner cannot establish the second *Slack* criteria. That is, the Court concludes that reasonable jurists could not debate the denial of his § 2254 petition on procedural grounds. Under the plain record of this case, Petitioner's claims are barred by the applicable statute of limitations. Accordingly, Petitioner is not entitled to a COA.

## Conclusion

For the foregoing reasons, Respondent Rick Thaler's Motion to Dismiss (Dkt. No. 15) is **GRANTED** and Charles Robert Scalf's Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is **DISMISSED**. The Court also **DENIES** Petitioner a Certificate of Appealability.

It is so **ORDERED**.

Signed this 23rd day of March, 2010.

　　　　　　　　　　　　　　　　　　JOHN D. RAINEY
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE